IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YVONNE PENA<br>　　Plaintiff<br><br>VS.<br><br>CITIBANK, N.A., AS TRUSTEE FOR<br>CMLTI ASSET TRUST; FAY SERVICING,<br>LLC<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Fay Servicing, LLC ("Fay Servicing") and Citibank, N.A. as Trustee for CMLTI Asset Trust ("Trustee") (collectively "Defendants") hereby remove this case from the 152nd District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the claims and damages alleged in Plaintiff's Original Petition and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

### I.　　INTRODUCTION

1.　　On or about June 2, 2020, Plaintiff Yvonne Pena (**"Plaintiff"**) commenced this action by filing Plaintiff's Original Petition (the **"Complaint"**), Cause 202032882 in the 152nd District Court of Harris County, Texas (the **"State Court Action"**). See Exhibit C-1.

2.　　Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of Defendants' first receipt of the initial state court pleading. *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on federal question jurisdiction. Furthermore, venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

### A. Federal Question Jurisdiction

5. Removal is proper because Plaintiff's suit involves a federal question. 28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006). Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights." *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).

6. Among other claims, Plaintiff has alleged violations of Real Estate Settlement Procedures Act ("RESPA").[1] Plaintiff's claims arise under the laws of the United States of America, the United States District Court has original jurisdiction, and removal is appropriate.

---

[1] See Complaint at ¶¶ 34-38 referencing 12 C.F.R. 1024 of RESPA.

7. Additionally, this Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy. See 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

## IV. JURY DEMAND

8. Plaintiff has made a jury demand in the State Court Action.

## V. CONCLUSION

9. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002-2772
713-220-9182 Telephone
713-223-9319 Facsimile
Email: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2020, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Brandy Michelle Alexander
Alexander Law, PLLC
6200 Savoy Drive, Suite 1202
Houston, Texas 77036
**Via Email and U.S. Regular Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

4